CHARLES FRAZIER, Surviving Partner of FRANK E. WILLIAMS, Deceased, Appellant, v. CHARLES H. TRUAX, as Assignee, etc., Respondent, Impleaded with Others.

*General assignment — must show upon its face the creditors preferred — a preference cannot be given to one person upon a verbal trust for another.*

A general assignment must show upon its face the creditors whom the assignor intends to prefer.

An assignment in which preferences are given to persons who are not creditors of the assignor, upon a verbal trust for real creditors, is void as a matter of law. (Dykman, J., dissenting.)

Appeal from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

The action was brought to set aside a general assignment made by the firm of Neil, McCullum & Co., on the ground of fraud.

*Thomas Stevenson*, for the appellant.

*Thomas H. Hubbard*, for the respondent.

Cullen, J.:

As to three of the preferred claims set forth in the assignment, concededly the assignors were not indebted to the persons in whose favor the preferences were made. Unless explained these preferences for fictitious debts would render the assignment fraudulent.

The explanation offered is that the debts, though not owing to the parties named, were owing to other persons, and that the preferences were made, as it were, in trust for the real creditors. I do not think such a method valid. No trust is declared on the face of the assignment; and I doubt if, in favor of the real creditor, it would be competent to show the trust by parol. By the statute the assignment must be in writing, and be acknowledged and recorded, otherwise it is void. Therefore I think the whole of the assignment, must be expressed in the written instrument; and not a most important part of it, that is, to whom preferences are to be really made, rest in mere words. In the case of the preference to Beaver he knew nothing about it, nor ever accepted the trust in favor of Mrs. McCullem, nor do we think that the evidence established the *bona fides* of the debt to Mrs. McCullem.

If this mode be tolerated it will make most glaring frauds easy of accomplishment. It is settled law that a power reserved to either the assignor or assignee to designate future preferences renders the assignment void. (*Sheldon* v. *Dodge*, 4 Denio, 217.) To be valid the instrument must definitely settle the respective rights of the creditors.

If the real parties intended to be preferred are to be known only to the assignor and assignee, it will put it in the power of these persons to declare at any future time, without fear of contradiction, that any particular persons whom they see fit were the real parties intended to be preferred, at least any whose debts approximate to the debts named in the preferred schedule. And if such declaration be made in favor of any creditor, why may not the parties declare subsequently that their previous statement was an error and that the person really to be preferred was another creditor? I think this scheme fraudulent in law, and that the assignment was void.

The judgment should be reversed on questions of fact and law, and a new trial ordered.

DYKMAN, J. (dissenting):

This is an action by judgment-creditors to set aside a voluntary general assignment for the benefit of creditors, containing preferences. The assignment is challenged by reason of the four preferences to Hansett, Lamont, Blaners and Wilcox, and special findings have been made by the trial judge respecting each of these claims. These findings show entire freedom from fraud, and they are all well supported by the testimony.

An extended examination of the proof would be only a collation of the facts contained in the findings, and these are sustained by proof; the result would be the same.

The plaintiffs had reason for the commencement of the action as there were some matters quite suggestive of fraud without explanation. Hence the complaint was properly dismissed without costs.

The judgment should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Judgment reversed and new trial granted, costs to abide event.